# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙
# 𝕱𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆
# 𝕭𝖗𝖚𝖓𝖘𝖜𝖎𝖈𝖐 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | |
|---|---|
| ANDREW WILLIAM ECKERD, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-97 |
| v. | |
| DR. JEFFREY GUNDERSON; and E. NEAL JUMP, | |
| Defendants. | |

**ORDER**

Presently before the Court are Plaintiff's Objections to the Court's April 11, 2022 Order granting as unopposed Defendant Jump's motion to stay. Dkt. No. 40. Plaintiff asserts the Magistrate Judge failed to consider his response to the motion to stay, which is included in his response to Defendant's motion to dismiss. Id. at 1. In addition, Plaintiff contends the Clerk of Court did not provide copies for Federal Rules of Civil Procedure 12 and 14, as directed. Id. at 2.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Plaintiff does oppose the motion to stay in his response to the motion to dismiss, but he buries that opposition in a single paragraph on page 12 of his 15-page response to the motion to dismiss. Dkt. No. 30 at 12. Plaintiff states the motion to stay "is ridiculous, frivolous, not proper, in this action, at this time, upon information and belief, and is an attempt to hide evidence from this Honorable Court." Id.

Plaintiff's response to Defendant Jump's motion to stay is unfounded. Defendant Jump seeks dismissal of Plaintiff's claims against him based on Plaintiff's failure to exhaust his administrative remedies and his failure to properly plead a deliberate indifference claim against Defendant Jump. Dkt. No. 22. At this point of the proceedings, there is no need for discovery, particularly because Defendant Jump has moved to dismiss based on Plaintiff's alleged failure to exhaust. In addition, the imposed stay will lift automatically if any of Plaintiff's claims remain after resolution of the motion to dismiss. Dkt. No. 34.

The Court **OVERRULES** Plaintiff's Objections. Although the Magistrate Judge did not consider Plaintiff's response to the motion to stay, Plaintiff's response would not have altered the Court's ruling. A stay in discovery in this case is appropriate

2

until the Court resolves Defendant Jump's motion to dismiss. Plaintiff fails to show the Magistrate Judge's Order is clearly erroneous or contrary to law.

The Court's April 11, 2022 Order remains the Order of the Court, and the imposed stay remains in place. The Court does **DIRECT** the Clerk of Court to mail Plaintiff a copy of Federal Rules of Civil Procedure 12 and 41, as the Magistrate Judge directed. Dkt. No. 25.

**SO ORDERED**, this 12 day of May, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)